UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NURIA CANALES,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF CALEXICO, a public entity, FERNANDO VILLA, an individual, and CHIEF PETER MERCADO, an individual, and DOES 1-50 inclusive,<br><br>          Defendants. | Case No.: 17-cv-0695-AJB-JLB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT VILLA'S MOTION TO DISMISS; AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY OF CALEXICO AND CHIEF PETER MERCADO'S MOTION TO DISMISS**<br><br>(Doc. Nos. 7, 8) |

  Presently before the Court are two motions to dismiss brought by Defendant Fernando Villa and Defendants City of Calexico and Chief Peter Mercado. (Doc. Nos. 7, 8.) Pursuant to Local Rule 7.1.d.1, the Court finds these motions suitable for determination on the papers and without oral argument. With the issuance of this order, the Court **DENIES** Defendant Fernando Villa's ("Villa") motion to dismiss, (Doc. No. 7-1), and **GRANTS IN PART AND DENIES IN PART** Defendants City of Calexico and Chief Peter Mercado's motion to dismiss, (Doc. No. 8-1).

## I. FACTS ALLEGED IN THE COMPLAINT[1]

On April 7, 2015, Plaintiff Nuria Canales ("Plaintiff") went into labor in the City of Calexico and contacted the Calexico fire department for assistance including transportation to the El Centro Regional Medical Center. (Doc. No. 1 ¶ 10.) In response, the fire department sent Villa, an emergency medical technician ("EMT"), to assist Plaintiff. (*Id.* ¶ 11.) While en route to the hospital, Plaintiff alleges that Villa inappropriately and in a sexual manner, touched Plaintiff in her vaginal and pelvic areas without gloves, while attempting to stimulate himself despite Plaintiff having birth pains at the time. (*Id.* ¶ 13.)

Thereafter, Villa instructed Plaintiff to take off her blouse so that he could determine if her breasts were producing milk, which was purportedly a necessary medical procedure. (*Id.* ¶ 14.) However, after Plaintiff's blouse was removed, Plaintiff contends that Villa began staring at her in an unusual sexual way while squeezing her breasts. (*Id.* ¶ 16.) Villa then asked Plaintiff several questions including how many children she had and stated that "she would soon be ready for her third child in a sexual manner." (*Id.* ¶ 17.) While at the hospital, Plaintiff apprised a nurse of the examinations Villa performed in the ambulance to which the nurse informed Plaintiff that the examinations were not appropriate and should be reported. (*Id.* ¶ 21.)

As a whole, Plaintiff alleges that Villa, acting under color of authority, singled out Plaintiff for sexual abuse, discrimination, and harassment because she is a woman. (*Id.* ¶¶ 24, 25.) Further, Plaintiff contends that this is not the first time Villa has engaged in this type of conduct while transporting female patients to the hospital. (*Id.* ¶ 29.) As to Defendants City of Calexico and its high ranking officials, including Chief Peter Mercado ("Mercado"), Plaintiff argues that they created and implemented an unwritten official policy, custom, and practice that permits and encourages its agents and employees to deny

---

[1] The following facts are taken from Plaintiff's complaint and are accepted as true by the Court for the purpose of resolving this motion. *See Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Plaintiff and other members of the general public their rights to equal protection under due process of law, and their right to be free from unreasonable search and seizure. (*Id.* ¶ 23.) Additionally, per Plaintiff's complaint, she believes that Defendants knew or with reasonable diligence should have known that Villa was a sexual predator. (*Id.* ¶ 30.) However, Defendants City of Calexico and Mercado allegedly failed to take any adequate steps to prevent or mitigate the obvious danger Villa posed to the general public. (*Id.* ¶ 31.)

On April 6, 2017, Plaintiff filed her complaint against all Defendants. (Doc. No. 1.) Plaintiff asserts causes of action for (1) 42 U.S.C. § 1983—Unlawful seizure as to all Defendants; (2) 42 U.S.C. § 1983—Failure to properly screen and hire against Defendants City of Calexico, Peter Mercado, and Does 1–50; and (3) 42 U.S.C. § 1983—For failure to supervise, discipline, and train against Defendants City of Calexico, Peter Mercado, and Does 1–50. (*See generally* id.) Thereafter, Plaintiff was granted in forma pauperis status. (Doc. No. 3.)

On August 4, 2017, Villa filed his motion to dismiss, (Doc. No. 7), and Defendants City of Calexico and Mercado filed their separate motion to dismiss, (Doc. No. 8). Plaintiff filed a single opposition on August 18, 2017. (Doc. No. 10.) On the same day, Plaintiff filed her notice of related cases. (Doc. No. 11.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citations and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this

3

determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

#### A. Judicial Notice

As an initial matter, the Court resolves Defendants' two requests for judicial notice. Villa seeks judicial notice of (1) Plaintiff's complaint filed on June 22, 2016, in the Imperial County Superior Court; and (2) a copy of Plaintiff's second amended complaint filed on April 19, 2017, in the Imperial County Superior Court. (Doc. No. 7-2 at 1.) Defendants City of Calexico and Mercado ask this Court to judicially notice (1) the Calexico Fire Department's actual official policies numbered 1026.3, 1026.6, 1026.9, and 1026.13; and (2) the Calexico Municipal Code §§ 2.08.050 and 2.08.060. (Doc. No. 8-2 at 2.)

Federal Rule of Evidence 201 states that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

First, as to Villa's request, the Court highlights that judicial notice of pleadings and other court filings is generally granted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Asdar Grp. v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (finding that the court could take judicial notice of prior

pleadings and court orders); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that a court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted). Accordingly, Villa's request for judicial notice is **GRANTED**. The Court notes however, that the Court only judicially notices the existence of the court record, but it may not notice the truth of their content. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114, n.5 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

Next, as to the City of Calexico and Mercado's requests for judicial notice, as the Calexico Municipal Code and City of Calexico's fire department policies can be accurately determined from other reliable sources, the Court finds judicial notice of these documents appropriate. *See Wood v. City of San Diego*, No. 03cv1910-MMA (POR), 2010 WL 2382335, at *5 (S.D. Cal. June 10, 2010) (taking judicial notice of sections of the San Diego Municipal Code relevant to the proceedings); *see also Uriarte v. Bostic*, Case No.: 15cv1606-MMA (PCL), 2017 WL 2312084, at *3–4 (S.D. Cal. May 26, 2017) (granting judicial notice of copies of the Calexico Police Department Policy Manual); *Foster v. City of Oakland*, 621 F. Supp. 2d 779, 795 (N.D. Cal. 2008) (taking judicial notice of police strip search policies).

Accordingly, Defendants City of Calexico and Mercado's request for judicial notice is also **GRANTED**.[2]

B.  Qualified Immunity

Next, before turning to the merits of the two motions, the Court wishes to address Defendants Villa and Mercado's contentions that they are entitled to qualified immunity. (Doc. No. 7-1 at 6; Doc. No. 8-1 at 20–21.)

The Supreme Court has instructed that rulings on the qualified immunity defense "should be made early in the proceedings so that the costs and expenses of trial are avoided

---

[2] The Court notes that Defendants' requests for judicial notice were unopposed.

where the defense is dispositive," because the defense is "*an immunity from suit* rather than a mere defense to liability . . . ." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). In section 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate clearly-established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A qualified immunity analysis consists of two prongs: (1) whether the facts as alleged by plaintiff establish a violation of a constitutional right; and (2) whether that right was clearly established given the state of the law at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier*, 533 U.S. at 201).

The Court is cognizant that the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal*, 556 U.S. at 685. However, in the instant action, the Court finds that a better record of the events that occurred is vital in determining whether a clearly established right was violated. Moreover, as will be demonstrated later in this Order, certain portions of Plaintiff's complaint will be dismissed with leave to amend. Thus, the insufficiency of Plaintiff's pleadings at this stage warrants that discovery continue before the Court makes a determination of qualified immunity. *See Martin v. Naval Criminal Investigative Serv.*, No. 10cv1879 WQH (MDD), 2013 WL 2896879, at *11 (S.D. Cal. June 11, 2013) (holding that courts have held that depositions "may at times be taken before qualified immunity issues can be resolved.") (citing *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998)); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (noting that "if the actions [defendant] claims he took are different from those the [plaintiffs] allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before [defendant's] motion for [] qualified immunity grounds can be resolved.").

Accordingly, the Court **DENIES** Defendants Villa and Mercado's qualified immunity defense. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004) (explaining that determining qualified immunity at the motion-to-dismiss stage is generally disfavored because it places the court in the position of deciding constitutional questions

on a nonexistent factual record).[3]

C. Defendants' Motions to Dismiss

Defendant Villa and Defendants City of Calexico and Mercado proffer similar arguments to contend that Plaintiff's complaint should be dismissed. Villa asserts that Plaintiff has not alleged a fourth amendment constitutional violation as the first and only cause of action against Villa is titled "unlawful seizure," that Villa is entitled to qualified immunity, and that the complaint should be dismissed for failure to adhere to the Local Rules. (*See generally* Doc. No. 7-1.) Defendants City of Calexico and Mercado argue that Plaintiff's complaint should also be dismissed because (1) it fails to state a claim for relief in accordance with the standards under Federal Rules of Civil Procedure 8, 9, and 12; (2) the entire complaint does not plausibly allege a violation of § 1983 under color of state law or a protected right caused by official city police; (3) that the second and third causes of action do not plausibly allege a claim for relief; and (4) Mercado is entitled to qualified immunity. (*See generally* Doc. No. 8-1.)

### a. *Villa's Motion to dismiss*

#### i. **Fourth Amendment Violation**

The Court first turns to Villa's arguments that Plaintiff was not "seized" for purposes of establishing a Fourth Amendment violation and thus the first cause of action should be dismissed. (Doc. No. 7-1 at 4–6.) In opposition, Plaintiff asserts that she has alleged a claim against Villa for a violation of her constitutional rights. (Doc. No. 10 at 8.)

"To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and the laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Court notes that Villa only argues that Plaintiff has not alleged a violation of

---

[3] This finding is made without prejudice to the revisiting of the qualified immunity issue upon more development of a full record.

a right secured by the Constitution and does not touch upon the second element of acting under color of state law.

An unlawful seizure claim is properly analyzed under the Fourth Amendment and is only valid if the government, or an agent of the government, intentionally terminates plaintiff's freedom of movement. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998). Here, Plaintiff alleges that she called for help while in labor, she voluntarily entered the ambulance with Villa where she was then "seized" and sexually assaulted by him. (Doc. No. 1 ¶¶ 10–13, 25.) Further, Plaintiff contends that Villa's conduct was a direct, proximate, and substantial factor in depriving Plaintiff of her rights to equal protection under the law and "her right to be free from unreasonable seizure." (*Id.* ¶¶ 35, 36.) Based off of these allegations, Villa is correct that Plaintiff's complaint does not adequately plead a Fourth Amendment seizure. *See Galindo v. City of San Mateo*, Case No. 16-cv-03651-EMC, 2016 WL 7116927, at *3 (N.D. Cal. Dec. 7, 2016) ("The Fourth Amendment provides an explicit source of constitutional protection against 'physically intrusive governmental conduct' during a search or seizure.") (citation omitted).

Nevertheless, the Court notes that "[t]he Fourteenth Amendment protects against the government's interference with 'an individual's bodily integrity.'" *P.B. v. Koch*, 96 F.3d 1298, 1303 (9th Cir. 1996) (quoting *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996) (en banc)). Here, Plaintiff alleges that while in labor, Villa, an EMT, inappropriately touched her in her vaginal and pelvic area without gloves. (Doc. No. 1 ¶ 13.) In doing so, Plaintiff contends that Villa appeared to stimulate himself while moving his fingers around her vagina. (*Id.*) Additionally, Plaintiff states that Villa squeezed her breasts and stared at her in an unusual sexual way. (*Id.* ¶ 15–16.) Drawing all reasonable inferences in Plaintiff's favor, the Court concludes that Plaintiff has adequately alleged a violation of her bodily integrity that amounts to a Fourteenth Amendment violation. *See Vang v. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991) (finding that a state employment officer who committed multiple sexual assaults on various plaintiffs had "used his position in the state government to deprive these women of their constitutional right to be free from sexual assault."); *see also*

*Rogers v. City of Little Rock*, 152 F.3d 790, 795–96 (8th Cir. 1998) (holding that sexual assault by state officials violates a clearly established right to bodily privacy and constitutes "a violation of the most intimate kind of bodily integrity.").

Villa vehemently argues that Plaintiff's first cause of action is titled "unlawful seizure"; thus, there is no Fourteenth Amendment cause of action pled in the complaint. (Doc. No. 7-1 at 4–5.) In contrast to Villa, the Court notes that Plaintiff alleges a Fourteenth Amendment violation in the first paragraph of her Complaint. (Doc. No. 1 ¶ 1.) Additionally, Plaintiff repeatedly pleads that Villa's conduct deprived her of her rights to equal protection under the law and to due process of the law. (*Id.* ¶ 35.)

The Court highlights that due process and equal protection are rights guaranteed by, and therefore properly analyzed under a Fourteenth Amendment analysis. U.S. CONST. art. XIV, cl. 1; *A.J. Cal. Mini Bus, Inc. v. Airport Commission of the City & Cty. Of San Francisco*, 148 F. Supp. 3d 904, 914 (N.D. Cal. Dec. 3, 2015) (same). Thus, "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision . . . ." *Fontana v. Haskin*, 262 F.3d 871, 881–82 (9th Cir. 2001) (citing *Cty. of Sacramento*, 523 U.S. at 843). Further, Plaintiff need not allege specific legal theories "so long as the other side receives notice as to what is at issue in the case." *Am. Timber & Trading Co. v. First Nat. Bank of Oregon*, 690 F.2d 781, 786 (9th Cir. 1982). Based on the foregoing, the Court finds that Villa has been put on notice of Plaintiff's Fourteenth Amendment cause of action.

Consequently, Villa's motion to dismiss in this regards is **DENIED**.

### ii. Dismissal for Violation of Local Rule 40.1.f

Villa also requests the Court dismiss Plaintiff's complaint for failure to comply with Local Rule 40.1.f. (Doc. No. 7-1 at 8.) Local Rule 40.1.f. requires counsel to "promptly file and serve on all known parties to each related action or proceeding a notice of related case . . . and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies." CivLR 40.1.f. Local Rule 41.1.b permits the Court to dismiss a case for failure to comply with the local rules. *Id.* at 41.1.b.

This Court desires those who appear before it to adhere to the Local Rules for the Southern District of California. In this instance, Plaintiff filed her notice of related cases on August 18, 2017, after Defendants filed their various motions to dismiss. (Doc. No. 11.) However, because the life of Plaintiff's case in this Court remains in its infancy, the Court chooses to decide the instant case on the merits and not dismiss it based on a technicality. Consequently, the Court **DENIES** Villa's motion to dismiss for failure to comply with the Local Rules.

### b. *Defendants City of Calexico and Mercado's Motion to Dismiss*

Next, the Court turns to Defendants City of Calexico and Mercado's arguments that Plaintiff's complaint should be dismissed as it fails to plausibly allege a section 1983 violation.[4] (Doc. No. 8-1 at 11.) Plaintiff retorts that local governments may be sued for constitutional deprivations committed pursuant to a governmental custom. (Doc. No. 10 at 23.)

### i. Section 1983—Protected Right Caused by Official Policy

The Court reiterates that "[t]o state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and the laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe*, 789 F.3d at 1035–36 (citation omitted). Moreover, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Serv. Of City of New York*, 436 U.S. 658, 694–95 (1978).

Plaintiff's complaint alleges that Defendants established and promulgated an

---

[4] The Court notes that similar to Villa, Defendants argue that Plaintiff has not sufficiently pled a Fourth Amendment violation. (Doc. No. 8-1 at 11.) However, as concluded *supra* pp. 8–9, the Court finds that though Plaintiff's Fourth Amendment claim is not viable, Plaintiff has sufficiently alleged a Fourteenth Amendment claim.

unwritten official policy, custom, and practice that provided Villa the feeling and belief that his conduct in sexually assaulting Plaintiff was not going to be punished. (*Id.* ¶ 9.) Plaintiff reiterates this claim throughout her complaint, including stating that Defendants City of Calexico and Mercado created and implemented an "unwritten official policy, custom, and practice that permitted and encouraged its agents . . . to deny Plaintiff . . . [her] rights to equal protection under the law and to due process of law, [and] their right to be free from unreasonable search and seizure . . . ." (*Id.* ¶ 23.) Further, Plaintiff alleges that in failing to train Villa, Defendants created an atmosphere and culture of acceptance of Villa's conduct that amounted to an unwritten official policy or custom that provided Villa the feeling that his illegal conduct would be protected as a privilege. (*Id.* ¶ 45.)

Defendants City of Calexico and Mercado argue that the foregoing allegations are purely conclusory and fail to specify how or when the supposed unofficial policies came into existence. (Doc. No. 8-1 at 17.) However, the Court notes that for purposes of a claim of municipal liability under § 1983, the claim "is sufficient to withstand a motion to dismiss even if based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 761–62 (E.D. Cal. Jan. 10, 2008) (citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988)); *see also AE ex rel. Hernandez v. Cty. Of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (holding that cases do not require parties to provide much detail at the pleading stage regarding a policy or custom under § 1983). Consequently, despite Defendants' arguments, case law makes clear that Plaintiff's complaint sufficiently alleges a constitutional violation under § 1983.

Next, turning to the second component, the Court finds Plaintiff's allegations seeking to establish that Defendants were acting under color of law lacking. Plaintiff pleads that Mercado "acted under the color of authority and exercised his state authorities and made use of [his] vehicle(s) (ambulances), uniforms, badges, medical apparatuses, drugs and medicines . . . ." (Doc. No. 1 ¶ 24.) In addition, Plaintiff alleges that "[t]he acts of all defendants and each of them were done under color and pretense of the statutes, ordinances,

regulations, customs and usages of the City of Calexico." (*Id*. ¶ 5.)

Taken as a whole, these legal conclusions, most of which do not specifically distinguish between the actions of Defendants Mercado and the City of Calexico, fails to demonstrate that Defendants "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988). In fact, the complaint is devoid of any contentions to demonstrate that the City of Calexico or Mercado were "acting, purporting, or pretending to act in the performance of his or her official duties" when Plaintiff was allegedly sexually assaulted by Villa or when they purportedly implemented an unofficial custom or policy that provided that sexual assault of a public citizen would go unpunished. *McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000). Thus, without more, Plaintiff has failed to sufficiently allege that Defendants were acting under color of state law.

Accordingly, as Plaintiff did not adequately plead the second element in her section 1983 claim, Defendants' motion to dismiss is **GRANTED**.

### ii. *Plaintiff's Second and Third Causes of Action*

Next, Defendants contend that Plaintiff's second cause of action for failure to properly screen and third cause of action for failure to supervise or train should be dismissed for failure to plausibly allege a claim for relief. (Doc. No. 8-1 at 19–20.) Here, Plaintiff alleges that Defendants failed to properly test, screen, examine, or evaluate Villa and thus were unable to identify him as a sexual predator. (Doc. No. 1 ¶ 39.) Moreover, Plaintiff asserts that had there been adequate supervision of Villa that the alleged assault on Plaintiff may have been prevented. (*Id*. ¶ 44.) Moreover, Plaintiff states that in failing to train, supervise, and discipline Villa in the face of his allegedly illegal actions, Defendants created an atmosphere and culture of acceptance of Villa's conduct. (*Id*. ¶ 45.)

As to Plaintiff's failure to screen claim, the Court notes that as a general rule, "[a] supervisor cannot be held personally liable under § 1983 for the constitutional deprivations caused by his subordinates, absent his participation or direction in the deprivation." *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984). The Ninth

12

17-cv-0695-AJB-JLB

Circuit has held that "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his 'own culpable action or inaction in the training, supervision, or control of his subordinates,' . . . for his 'acquiesce[nce] in the constitutional deprivations of which [the] complaint is made,' . . . or for conduct that showed a 'reckless or callous indifference to the rights of others.'" *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citation omitted).

Presently, the Court is only presented with vague and conclusory allegations in regards to the City of Calexico and Mercado's purported failure to screen Plaintiff, without any distinction between the actions of the two Defendants. Moreover, specific to Mercado, the complaint fails to sufficiently allege that he participated in or directed the deprivation that Plaintiff suffered. For instance, Plaintiff's complaint does not establish that Mercado was even involved with the screening and hiring of employees. *See Galen v. Cty. of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007) ("[A] public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights.") (citation omitted). Based on the foregoing, the Court **DISMISSES** Plaintiff's second cause of action.

Next, to establish liability for failure to train, a plaintiff must show that (1) she "was deprived of a constitutional right"; (2) the municipality or its officials "had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons with whom [its subordinates] are likely to come into contact'"; and (3) her "constitutional injury would have been avoided" had the municipality or its officials properly trained those subordinates. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (citation omitted). For purposes of "deliberate indifference," a plaintiff "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." *Flores v. Cty. Of L.A.*, 758 F.3d 1154, 1158 (9th Cir. 2014). Further, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (citation omitted).

Here, Plaintiff's third cause of action fails to demonstrate that Mercado or the City of Calexico acted "deliberately," "recklessly," "intentionally," "maliciously," or with "deliberate indifference" and "conscious disregard of [Plaintiff's] rights." *Lee v. City of Los Angeles*, 250 F.3d 668, 682–83 (9th Cir. 2001). Further, similar to Plaintiff's second cause of action, Plaintiff's contentions are simply conclusory and devoid of any factual allegations to support a failure to train cause of action. Plaintiff only simply states that Defendants failed to supervise, train, and discipline Villa. (*Id.* ¶ 45.) Furthermore, the allegations Plaintiff pleads lumps Defendants City of Calexico and Mercado together under one broad allegation, which fails to satisfy the notice requirement of Rule 8. *See Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996).

On a final note, the Court also finds dismissal of the third cause of action justified as case law demonstrates that when proper behavior "is so obvious *without* any training the failure to train [cause of action] does not support a finding of deliberate indifference." *E.G. by and through Lepe v. Maldonado*, Case No.: 5:14-CV-01053-LHK, 2014 WL 5472654, at *9 (N.D. Cal. Oct. 28, 2014). As currently pled, the actions Villa should have taken while assisting Plaintiff who was in labor are "so obvious" that the Court can assume that any further training by Defendants may not have made a difference in Plaintiff's situation. *See Flores*, 758 F.3d at 1160 (dismissing the plaintiff's cause of action for failure to train as no amount of training or instruction would have made a difference in the case where a sheriff allegedly sexually assaulted plaintiff as "the proper behavior should have been so obvious to any deputy sheriff").

Accordingly, the Court **DISMISSES** Plaintiff's third cause of action.

///
///
///
///
///
///

### D. Remaining Arguments

Defendants City of Calexico and Mercado briefly mention in their moving papers that Plaintiff's complaint should be dismissed under Federal Rule of Evidence 9. (Doc. No. 8-1 at 8.) Though Defendants do not specify which portion of Rule 9 they seek to employ, the Court assumes that Defendants are referring to Rule 9's directive that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, as the complaint does not allege fraud or mistake, and Defendants fail to argue this point anywhere else in their moving papers, the Court **DENIES** Defendants' request that the Court dismiss Plaintiff's complaint based on Rule 9.

Defendants additionally argue that Plaintiff's equal protection claims should also be dismissed. (Doc. No. 8-1 at 12.) "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race. It is also true that the Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." *Washington v. Davis*, 426 U.S. 229, 239 (1976). Plaintiff repeatedly pleads that Defendants' policies, customs, and practices permitted and encouraged its agents to deny Plaintiff her rights to equal protection under the law and to due process of the law . . . ." (Doc. No. 1 ¶ 23.) Even taking the allegations as true, this barren argument will not withstand Defendants' motion to dismiss. Further, Plaintiff injects this claim into her complaint without any connection to the causes of action and allegations present in the complaint and thus this claim fails Rule 8's notice pleading standard. Consequently, Defendants' request for dismissal of this claim is **GRANTED**.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Villa's motion to dismiss, (Doc. No. 7), and **GRANTS IN PART AND DENIES IN PART** Defendants City of Calexico and Chief Mercado's motion to dismiss, (Doc. No. 8). Both Villa and Mercado's defense of qualified immunity is **DENIED WITHOUT PREJUDICE**. Plaintiff has

**fourteen (14) days** from the date of this Order to file an amended complaint curing the deficiencies stated herein. Failure to file an amended complaint will result in dismissal of this action.

**IT IS SO ORDERED**.

Dated: December 8, 2017

Hon. Anthony J. Battaglia
United States District Judge